UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KEITH'S PAINT & BODY LLC** | **CASE NO.  2:22-CV-04542** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Clerk's Entry of Default" (Doc. 10) and "The Society of Lloyd's Rule 12 Motions and Motion to Set Aside Default" (Doc. 14).

## BACKGROUND

This lawsuit involves alleged damages to Plaintiff's property from Hurricanes Laura and Delta. During the relevant time period, the property was insured by Certain Underwriters at Lloyds, whose members and/or syndicates have not been specifically named and/or identified in the Complaint.[1]

The Complaint, filed by Plaintiff, Keith's Paint & Body, LLC on August 25, 2022, named Underwriters at Lloyds London as the Defendant.[2] A Summons was issued by the Deputy Clerk on that same day.[3] A Returned and Executed Summons was filed in the record on October 13, 2022.[4] Lloyd's America, the agent for service of process for those certain underwriters at Lloyd's received the suit papers and emailed Plaintiff's counsel on October 24, 2022, requesting information necessary to identify the policy alleged to be at

---

[1] See Doc. 1.
[2] *Id.*
[3] Doc. 4.
[4] Doc. 5.

issue and the subscribing underwriters to that policy.[5] After receiving no response, Lloyd's America again emailed counsel requesting identifying policy information.[6] Lloyd's America received no response.

On April 12, 2024, the Deputy Clerk issued a Notice of Intent to dismiss the case for failure to take a default 60 days after service.[7] On April 16, 2024, Plaintiff, through counsel, filed a request for entry of default;[8] subsequently, the Clerk of Court issued a Notice of Entry of Default.[9]

On April 30, 2024, The Society of Lloyd's ("Lloyds") made a special appearance in place of Defendant, Underwriters of London, filing the instant Motion to Set Aside Default and Rule 12 Motions to Dismiss.

Lloyd's is a society incorporated by an Act of the United Kingdom Parliament in 1871, which regulates and provides services to the Lloyd's insurance market.[10] Lloyd's is not an insurer.[11] The underwriting members of Lloyds are the insurers.[12] Lloyd's and Lloyd's America[13] are separate and distinct entities from its underwriting members.[14] Lloyd's and Lloyd's America do not maintain claims or underwriting files on the

---

[5] Defendant's exhibit A, declaration of Barbara Demosthene, and attached exhibit 2.
[6] Defendant's exhibit A, declaration of Barbara Demosthene, and attached exhibit 3.
[7] Doc. 7.
[8] Doc. 9.
[9] Doc. 10.
[10] Defendant's exhibit B, Kathryn Kelly Declaration.
[11] *Id.*
[12] *Id.*
[13] Lloyd's America is an indirect subsidiary of Lloyd's. Defendant's exhibit A, Declaration of Barbara Demosthene, ¶ 4.
[14] *Id.*

underwriting members' behalf.[15] Lloyd's America acts as an agent for service of process for those certain underwriters at Lloyd's insuring risks in the United States.[16]

The "Lloyd's Act of 1982" provides that an "underwriting member shall be a party to a contract of insurance underwritten at Lloyd's only if its underwritten with several liability, each underwriting member for his own part and not one for another, and if the liability of each underwriting member is accepted solely for his own account."[17] Underwriters at Lloyd's, London is a generic description of the entire market and there is no single insuring entity in Lloyd's market with that name.[18]

"Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy." *Chase Manhattan Bank, N.A. v.* Aldridge, 906 F.Supp. 870, 872 (S.D.N.Y. 1995). Multiple members can subscribe to a policy through a single syndicate and multiple syndicates' members can subscribe to a single policy.[19] A typical policy has multiple syndicates which are collectively responsible for 100 percent of the coverage provided by a policy, and the syndicates themselves have no independent legal identity. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003). A syndicate bears no liability for the risk on the policy, but all liability is held by the individual members who belong to the various syndicates that have subscribed to the policy. *Id.* Simply put, "the legal relationship between the names and the insured is a

---

[15] *Id.*
[16] Defendant's exhibit A, Demostherne Declaration, ¶ 4.
[17] *Id.* ¶ 8.
[18] *Id.* ¶ 9.
[19] *Ardoin v. Certain Underwriters at Lloyds London*, 2023 WL 2386887, at *1 (W.D. La. Mar. 6, 2023), *appeal dismissed*, 2023 WL 6458645 (5 th Cir. July 18, 2023); Kelly Declaration, ¶ 11.

vertical one: it is the individual Names, not the syndicate, who are directly liable in the event of the loss, if each Name had a contract with the insured. *Underwriters at lloyd's, London v Osting-Schwinn*, 613 F.3d 1079, 1084 (11th Cir. 2010).

In the instant matter, the Policy states that it is insured by "Certain Underwriters" at Lloyd's London and highlights on the Policy's Declaration Page the following:

| Insurance is effective with the following: | | Percentage | 1 |
|---|---|---|---|
| **Contract Number/UMR** | **Company** | **Contribution %** | |
| AA1900279-B0142AA1900279 | Certain Underwriter's at Lloyd's - Lloyd's of London | 30% | |
| BA1903600-B0429BA1903600 | Certain Underwriter's at Lloyd's - Lloyd's of London | 30% | |
| AA1900282-B0142AA1900282 | Certain Underwriter's at Lloyd's - Lloyd's of London | 20% | |
| B0408NAC047819 - B0408NAC047819 | Certain Underwriter's at Lloyd's - Lloyd's of London | 20% | |

[20]

# LAW AND ANALYSIS

In response to the Clerk's Entry of Default, Lloyds filed the instant Motion to aside the default and to the dismiss the lawsuit on the following grounds: (1) lack of subject matter jurisdiction; (2) failure to state a claim; and (3) lack of personal jurisdiction. Alternatively, Lloyd's moves to set aside the default for "good cause."

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

---

[20] Doc. 16-1, p. 1.

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

*Lack of subject matter jurisdiction*

Lloyd's maintains that the proper Defendant in a suit against the underwriters at Lloyd's, London are the specific underwriters subscribing to a policy.[21] E.G. *Tate v. Underwriters at Lloyds London*, 2023 WL 48814609, at *1 (W.D. La. Dec. 20, 2023); *Conroy v. Underwriters at Lloyds London*, 2023 WL 8480069, *1 (W.D. La. Dec. 7, 2023); *Montegut Properties, LLC v. Certain Underwriters at Lloyd's London*, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008) ; *Certain Underwriters at Lloyd's London v. Gibraltar Budget Plan, Inc.*, 9 So.3d

---

[21]

646, 647-48 (Fla. Dist. Ct. App. 2009); *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90-92, 107 S.E.2d 860, 862-63 (1959).

For diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff and the defendants must be diverse and the amount in controversy must be more than $75,000. The party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction. *James v. Underwriters at Lloyds London*, 2023 WL 7393489, at *1 (E.D. La. Dec. 10, 2007); *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 188).

Lloyd's argues that Plaintiff has failed to meet the requisite jurisdictional amount as to each underwriter or "name" at Lloyd's. Lloyd's argues that this Court lacks subject matter jurisdiction because the Complaint fails to show that the case satisfies the requisite jurisdictional amount as to each underwriting member/name of Lloyd's who subscribed to the policy insuring the Plaintiff. Here, Plaintiff must show that each Lloyd's member or name subscribing to the policy meets the $75,000 jurisdictional amount. *James*, 2023 WL 7393489, at *1; *Green Coast Enterprises, LLC*, 2022 WL 2208206, at *5 (citing *Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London,* 2015 WL 4097069, at *3 n. 23 (E.D. La. July 7, 2015) (collecting cases)).

Courts in the Fifth Circuit and various other courts have recognized that diversity jurisdiction is destroyed if a plaintiff cannot prove he has a claim against each member/name subscribing to the subject policy that equals or exceeds $75,000.00. *See, e.g., Team One Properties LLC v. Certain Underwriters at Lloyds London*, 281 Fed. Appx. 323, *1 (5th Cir. 2008); *Rips, LLC v. Underwriters at Lloyd's London*, No. 14-1969, 2015

WL 2452339, at *1 (E.D. La. May 21, 2015) (holding the Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because claims against individual members/Names cannot be aggregated and the complaint did not plead that the $75,000.00 jurisdictional minimum was met for each Name); *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, No. 07-4883, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (holding that diversity jurisdiction had not been established when the amount in controversy was not met as to all Names sued under the policy); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F. 3d 925, 933 (2d Cir. 1998) (noting, as severally liable defendants, that each Name would still have to satisfy the jurisdictional minimum required by 28 U.S.C. § 1332); *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1284 (S.D. Fla. 2020) (noting that various courts have recognized diversity jurisdiction is destroyed if the plaintiff cannot prove it has a claim against each member/Name subscribing to the subject policy that equals or exceeds $75,000.00").

Plaintiff argues that the jurisdictional amount is clearly satisfied because the Entry of Default shows contractual damages, statutory penalties, and attorney's fees total $597,434.33. Plaintiff calculates the amount in controversy as to each Defendant based on the lowest Contract Number of 20% to be $119,486.87.

Lloyd's submits the Declaration of Mark Crowest who is employed by Beazley Furlonge Limited as Focus Group Leader, Commercial Claims ("Beazley").[22] Beazley manages Lloyd's Syndicates including Lloyd's Syndicate No. 2623 and Lloyd's Syndicate

---

[22] Doc. 17-1, ¶ 2.

No. 0623.[23] Crowest declares the following: under the Policy subscribing to Contract Number B0142AA1900282 (the "Contract"), which accounts for 20% of the participation on the Policy, Beazley Syndicate 2623 and Beazley Syndicate 0623 subscribed to 65% of the Contract.[24] Underwriters in Syndicates No. 2623 have an 82% participation and Underwriters in Syndicate No. 0623 have an 18% participation.[25] Consequently, Underwriters in Syndicate No. 0623 subscribed to 18% of 65% of 20%.[26] Syndicate 0623 had approximately 1,600 underwriting members in the 2019 and 2020 years of account.[27]

Lloyd's argues that even if the underwriting members' participation in Syndicate 0623 was pro rata, the jurisdictional amount of the entire claim would have to exceed hundreds of millions of dollars to satisfy the $75,000 jurisdictional amount for each underwriting member in Syndicate 0623. The Court agrees with Lloyd's that Plaintiff has failed to establish the jurisdictional amount as to each subscribing name and therefore Plaintiff is unable to establish diversity jurisdiction against Lloyd's. See *BIG League Venture, LLC v. Certain Underwriters at Lloyd's London*, 474 F.Supp.3d 1279 (June 1, 2020) citing *Rips, LLC, d/b/a Seafood Haven v. Underwriters at Lloyd's Lone*, 2015 WL 2452339 (E.D. La. May 21, 2015).

Plaintiff fails to take into consideration that each member/name in each syndicate is individually liable. "A Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A syndicate bears no liability

---

[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various syndicates that have subscribed to a policy." *Team One Properties*, 281 Fed. Appx. 323, *1; See also *McAuslin v. Grinnell Corp.*, 2000 WL 1059850 at *2 (August 1, 2000).

## CONCLUSION

For the reasons set forth herein, the Court will grant Defendants' Motion to Dismiss for lack of jurisdiction. Considering the dismissal, the Court will not address Defendant's Motion to Set Aside the Default, or motion to dismiss for lack of personal jurisdiction.

**THUS DONE AND SIGNED** in Chambers on this 4th day of June, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**